JOSEPH H. DELANCY AND JAMES F. DELANCY, APPEL-
LANTS, *v.* NICHOLAS MURPHY, RESPONDENT.

*Order of interpleader — when it should not be granted.*

This action was brought by the plaintiff, as the assignee of one Comerford, to
recover certain money collected for the assignor from persons indebted to him
and still held by the defendant for the assignor. The defendant, who had notice
of the assignment, moved upon an affidavit stating that certain persons claim
this money under judgments obtained against the assignor, to have them sub-
stituted as defendants in his place.

*Held,* that an order of interpleader should not have been granted.

APPEAL from an order of interpleader made at Special Term
upon the defendant's application.

The complaint alleged that one E. Comerford being indebted to
plaintiffs, assigned to plaintiffs a claim existing in his behalf against
the defendant. The defendant obtained an order to show cause
why certain persons should not be substituted as defendants in
his place on an affidavit containing among others the following
allegations:

That one E. (or Kate or Mary) Comerford, the wife of John
Comerford, and the said John Comerford have demanded from
deponent and claim said sum as due and owing them, respectively,
claiming said sum adversely to each other, on the ground that said
sum was placed in deponent's hands for their benefit, severally, by
persons indebted to them. That said E. Comerford disavows the
alleged assignment to plaintiffs for which this action is brought.

That Joseph L. Clark has demanded of deponent and claims
about eighty dollars of said sum upon a judgment obtained in this
State, in his favor, and against said E. (Kate or Mary) Comerford,
on or about the third day of August last past.

That Thomas Palmer, John Schwab and Jacob Schwab, have
demanded of deponent and claim the whole of said sum upon a
judgment obtained in this State, in their favor, and against said
Comerford, on or about the twenty-ninth day of September last
past, for about the sum of $300.

That said claims are made without collusion with deponent,
etc.   *   *   *

That said sum of money was collected by deponent on behalf of the said E. (Kate or Mary) Comerford, at her request, from persons indebted to her; that deponent cannot determine without hazard to himself to which person the above sum of money justly belongs, and is ignorant of the rights of said adverse claimants.

*McGuire & Kuhn*, for the appellants.

*George D. McCarty*, for the respondent.

DYKMAN, J.:

The civil law had a process of intervention, by which a person not originally a party to a suit, but claiming an interest in the subject-matter in dispute, interposed his claim and filed process on his own independent title, and asserted a right to the thing in controversy against all the other parties, and insisted on his right to intervene in the discussion. So there was a process of interpleader at common law, and the statute (1, 2, Wm. IV, chap. 58) was called the interpleader act, and provided, where a defendant claimed no interest in the money or property for which the action was brought, and a claim was made thereto by another who had sued or was expected to sue therefor, he might before pleading apply for relief under that statute. Such relief, however, as could be obtained at law was found inadequate in many cases, and courts of equity took jurisdiction to compel interpleader, following the analogies of the law and borrowing their bill from the old process of the common law. This remedy in equity was applicable "where two or more persons claim the same thing under different titles or in separate interests." (Story's Eq. Jur., § 806.)

Then our old Code of Procedure provided for substantially the same relief by order on motion, without the length of a law suit; and now the Code of Civil Procedure, by section 820, provides that a defendant, against whom an action to recover upon a contract or an action of ejectment or an action to recover a chattel is pending, may at any time before answer * * * apply to the court * * * for an order to substitute that person in his place. * * * The court may, in its discretion, make such order." It was not the design of either of these codes to introduce new cases

of interpleader, but merely to provide a summary proceeding where interpleader is proper. If no relief could be obtained by bill in equity for interpleader, then it would be an indefensible exercise of judicial discretion and power to make the substitution, on motion, under the Code. The facts in this case are these: The defendant collected $153.30 for one Comerford from persons indebted to her, and thereby became indebted to her for that sum. She then assigned her claim against the defendant to the plaintiffs, and the defendant had notice of the assignment; and this action is brought for the recovery of the claim so assigned. Now the defendant, on an affidavit that several persons claim this money on judgments obtained against the assignor, has obtained an order for their substitution as defendants.

An appeal has been taken from this order, and under the rules governing interpleader it cannot be sustained. There is no adverse claim to the debt of the defendant. When he collected the money for the assignor he became her debtor, and a payment to her would have discharged his liability, and after the assignment to the plaintiffs, payment to them would have had the same effect. The claimants substituted by this order only ask to have the money paid on their judgments. They claim no present interest in the debt. That is a chose in action merely, and the assignment transferred it to the plaintiff. There is here no controversy over the right of property, and no question whether the plaintiff or the substituted claimants own the debt. They do not claim to own it. Their claim would have been the same if the action had been brought by the assignor for whom the money was collected, and it would hardly be claimed that interpleader would have been proper in that event. (*Sherman v. Partridge*, 11 How., 154; *Fletcher v. Savings Bank*, 14 id., 383.)

The order appealed from must be reversed, with costs and disbursements.

Barnard, P. J., and Gilbert, J., concurred.

Order reversed, with ten dollars costs and disbursements.